**EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company, Plaintiff,**

v.

**Granville S. DUNAWAY, Defendant.**

**Civ. A. No. J85–0424(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 23, 1986.

Clinton M. Guenther, Jackson, Miss., for plaintiff.

Granville S. Dunaway, pro se.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

Plaintiff, Employers Insurance of Wausau, a Mutual Company, ("Employers'"), brought this action to recover against Defendant damages caused by the intentional burning and destruction of the Coachlight Restaurant and Lounge in Jackson, Mississippi, on November 26, 1983. At the time, Defendant leased the premises and operated a restaurant therein. He received no portion of the insurance payments. As the insurance carrier for the owners of the property, Employers' has had to pay the sum of $189,013.41 for damages and losses incurred as a result of the fire. Employers' is now seeking to recover that sum and additional damages from Defendant in this subrogation action and has moved for summary judgment with respect to the claims for actual, compensatory and punitive damages.

### PARTIES

Plaintiff is a Wisconsin corporation doing business in Mississippi with its principal place of business in Wisconsin. Defendant was a resident of Hinds County, Mississippi, when the action complained of herein occurred, but is now incarcerated at the Federal Correctional Institution at Fort Worth, Texas, pursuant to the sentence imposed by this Court in May, 1984, after Defendant pled guilty to maliciously damaging or destroying or attempting to damage or destroy by means of fire or explosives, the property insured by Plaintiff. Federal jurisdiction over this action is based upon complete diversity of citizenship.

### FACTS

The Clerk entered default herein on June 28, 1985, but Defendant thereafter filed his answer on July 2, 1985. Since Plaintiff has now elected to proceed on the merits through filing a Motion for Summary Judgment, this Court finds that the en-

try of default should be set aside for good cause in order that this action can proceed on the merits.

■ While the *pro se* Defendant has not responded to Plaintiff's Motion for Summary Judgment, the pleadings, affidavits and exhibits upon which this Motion is based show that there is no genuine issue as to any material fact and that Plaintiff is entitled, as a matter of law, to part of the relief requested in its Complaint.

In support of the Motion for Summary Judgment, Plaintiff has attached an affidavit establishing that it paid the amount of $189,013.41 to its insured pursuant to a special multi-peril insurance policy on the property known as the Coachlight Inn. Both the testimony given by the Defendant in criminal proceedings against him before this Court, *U.S. v. Dunaway*, Criminal Action No. J84–00008(B), and the answer filed by the Defendant herein clearly establish that Defendant intentionally participated in the destruction of that property. Plaintiff has also attached to its motion a copy of a release and subrogation receipt whereby its insured attested to the receipt of $189,-013.41 in full payment of losses as a result of the fire and agreed to subrogate Employers' to all of the rights and claims which he might have against any person liable for the losses. Subrogation is also provided for in the insurance policy pursuant to which the claim was paid.

### LAW

This right of subrogation entitled Employers' under Mississippi law, after payment with respect to the loss, to recover against a third person whose wrongful act caused that loss. *See Oxford Production Credit Association v. Bank of Oxford*, 16 So.2d 384, 388, 196 Miss. 50 (1944). Since it is undisputed that Defendant's wrongful act caused the loss, Employers' is entitled to judgment against Defendant to the extent of its payment.

■ In addition to the amount of its payment, Employers' also seeks to recover punitive damages and prejudgment interest

from Defendant. Employers' has not cited, and this Court cannot find, any authority supporting the right of a subrogee to recover damages over and above the amount of its payment which gives rise to the right of subrogation. To the contrary, this Court reads Mississippi law as limiting the recovery of the subrogee to the amount of its payment. Thus, in *Oxford Production Credit Association, supra*, the court stated as follows:

> It is generally conceded that, subject to statute, an insurer, on payment of a loss, acquires the right to be subrogated *pro tanto* to any and all rights which the insured may have against, not only the principal, but also third persons whose wrongful act or neglect caused the loss. (emphasis added).

16 So.2d at 388. This statement can only be interpreted as limiting the insurer's right to subrogation to the amount of its payment with respect to the loss.

In the instant case, Employers' also expressly provided for the right of subrogation in its policy with the subrogors. The policy in question states as follows:

> Subrogation. This company may require from the insured an assignment of all right of recovery against any party for loss *to the extent that payment thereof* is made by this Company. (emphasis added).

The Mississippi Supreme Court has held that where subrogation is expressly provided for in an insurance policy, the insurer's right to subrogation must be measured by and depends solely on the terms of the clause of the policy dealing with subrogation. *See Home Insurance Company v. Hartshorn*, 91 So. 1, 2, 128 Miss. 282 (1922). This Court therefore holds that Employers' rights of recovery against the Defendant are limited by the extent of its payment to its insured and that it cannot, as subrogee, recover punitive damages or prejudgment interest.

Although the *pro se* Defendant has not filed a cross-motion for summary judgment, Plaintiff has admitted that there are no material issues of fact and that the

entire case is thus ripe for decision. The Court therefore holds that, as a matter of law, Plaintiff cannot prevail on the claims for punitive damages and prejudgment interest. These claims will, therefore, be dismissed *sua sponte* with prejudice.

In accordance with the above, Plaintiff's Motion for Summary Judgment is granted as to its claim for actual damages in the amount of $189,013.41, and is denied as to the claims for punitive damages and prejudgment interest.

A separate judgment will be entered in accordance with the holdings herein as required by the provisions of Rule 58 of the Federal Rules of Civil Procedure.